IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | * |
| | * |
| Plaintiff, | * |
| | * Case No.: 1:06CV00854 |
| v. | * |
| CELLULAR TELECOMMUNICATIONS AND INTERNET ASSOCIATION, *et al.* | * |
| | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

ANSWER TO COMPLAINT FOR DECLARATORY AND OTHER RELIEF, COUNTERCLAIM AND CROSS-CLAIM

Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford"), Defendants, by their attorneys, hereby answer the Complaint for Declaratory and Other Relief (the "Complaint") of Fireman's Fund Insurance Company ("Fireman's Fund"), Plaintiff, and file their Counterclaim against Fireman's Fund and Cross-Claim against CTIA – The Wireless Association, formerly known as the Cellular Telecommunications & Internet Association ("CTIA"). Answering the Complaint, Hartford states:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Answering each paragraph of the Complaint, Hartford states:

1.     As to the nature of the claims made or relief sought by Fireman's Fund as alleged in paragraph 1, no response is required. To the extent that a response is deemed required, Hartford denies all remaining allegations of paragraph 1.

2.     To the extent that the allegations of paragraph 2 describe the relief sought by Fireman's Fund against Hartford in this action, no response is required. Further answering, Hartford states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of attorneys' fees and costs that Fireman's Fund has advanced to CTIA in connection with its defense of the so-called Wireless Telephone Litigation. Hartford denies all remaining allegations of paragraph 2.

3.     The allegations of paragraph 3 state only conclusions of law to which no response is required. To the extent that a response is deemed required, Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 except that Hartford admits that the amount in controversy exceeds $75,000.00.

4.     To the extent that the allegations of paragraph 4 state only conclusions of law, no response is required. To the extent that a response is deemed required, Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.     Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Hartford denies the allegations of paragraph 7, but states that Hartford Casualty Insurance Company is an Indiana corporation with its principal place of business in Hartford, Connecticut.

8.      In response to the allegations of paragraph 8, Hartford denies that Twin City Fire Insurance Company is a subsidiary of Hartford Insurance Company, but states that Twin City Fire Insurance Company is affiliated with Hartford Casualty Insurance Company and is an Indiana corporation with its principal place of business in Hartford, Connecticut.

9.      No response is required to the allegations of paragraph 9.

10.     Hartford is without knowledge or information sufficient to form a belief as to the allegations of paragraph 10, except that Hartford admits that policies purportedly for the periods of 2000-2001 and 2001-2002 are attached as Exhibits 1 and 2 respectively to the Complaint.

11.     In response to the allegations of paragraph 11, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

12.    In response to the allegations of paragraph 12, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

13.    In response to the allegations of paragraph 13, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

14.    In response to the allegations of paragraph 14, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

15.    In response to the allegations of paragraph 15, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

16.    In response to the allegations of paragraph 16, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

17.    In response to the allegations of paragraph 17, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

06211/3/00178963.DOCv1

18.    In response to the allegations of paragraph 18, Hartford states that the terms of the purported policies that are attached to the Complaint as Exhibits 1 and 2 speak for themselves.

19.    In response to the allegations of paragraph 19, Hartford states that Hartford entities issued policies to CTIA for various periods including the collective period of time set forth in paragraph 19. Further answering, Hartford states that the terms of those policies speak for themselves.

20.    In response to the allegations of paragraph 20, Hartford states that the purported policy attached as Exhibit 3 to the Complaint speaks for itself and that each insurance agreement to which Hartford is a party also speaks for itself.

21.    In response to the allegations of paragraph 21, Hartford states that its policies speak for themselves.

22.    In response to the allegations of paragraph 22, Hartford states that its policies speak for themselves.

23.    In response to the allegations of paragraph 23, Hartford states that its policies speak for themselves. To the extent that paragraph 23 makes allegations that do not quote policy terms, Hartford denies all of those allegations.

24.    In response to the allegations of paragraph 24, Hartford admits that CTIA requested coverage from Hartford for various claims related to wireless telephone litigation.

25.    In response to the allegations of paragraph 25, Hartford is without knowledge or sufficient information to form a belief as to the precise nature of activities involving CTIA, but admits that CTIA is a trade association for the wireless communications industry.

26.    In response to the allegations of paragraph 26, Hartford admits that CTIA is a defendant in various lawsuits arising out of alleged activities of entities involved in the cellular telephone industry. Further answering, Hartford states that allegations asserted in those lawsuits speak for themselves.

27.    Hartford denies the allegations of paragraph 27, but admits that allegations made in various lawsuits involving CTIA, among other things, assert alleged negligent and/or fraudulent misrepresentations to the public of the safety of cellular telephones.

28.    Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.    No response is required to the allegations of paragraph 29.

30.    In response to the allegations of paragraph 30, Hartford states that the causes of action asserted in the identified lawsuits speak for themselves.

31.    In response to the allegations of paragraph 31, Hartford states that the assertions by the plaintiffs in the named lawsuits speak for themselves. Further answering, Hartford admits that copies of complaints in some of the named lawsuits are

attached as Exhibits to the Complaint and that various cases have been characterized as "brain cancer cases" or "headset cases."

32.    In response to the allegations of paragraph 32, Hartford states that various lawsuits were removed to federal court and consolidated into the named proceeding before the United States District Court for the District of Maryland. Further answering, Hartford states that cases have been remanded to the state court, that the *Gilliam* and *Gimpelson* cases are dismissed, and that summary judgment was granted in the *Newman* case.

33.    Hartford denies the allegations of paragraph 33.

34.    In response to the allegations of paragraph 34, Hartford states that the allegations in *Wright v. Motorola, Inc.* speak for themselves, and admits that a copy of the complaint in *Wright* is attached as Exhibit 9 to the Complaint in this action.

35.    In response to the allegations of paragraph 35, Hartford states that the assertions made by the plaintiff in *Wright* speak for themselves.

36.    In response to the allegations of paragraph 36, Hartford states that the allegations in *Busse v. Motorola, Inc., et al.*, speak for themselves, and admits that a copy of the complaint in *Busse* is attached as Exhibit 10 to the Complaint in this action.

37.    In response to the allegations of paragraph 37, Hartford states that the plaintiff's assertions in *Busse* speak for themselves.

06211/3/00178963.DOCv1

38.   In response to the allegations of paragraph 38, Hartford states that the allegations in *Wright* and *Busse* speak for themselves.  Further answering, to the extent that a response is deemed required, Hartford denies the allegations of paragraph 38.

39.   Hartford denies the allegations in the first sentence of paragraph 39. Further answering, Hartford admits that the causes of action in *Wright* and *Busse* were dismissed at or around the dates indicated in paragraph 39.

40.   In response to the allegations of paragraph 40, Hartford admits that the *Wright* and *Busse* cases were filed prior to and/or were pending during the time of the periods as stated in the purported policies attached to the Complaint as Exhibits 1 and 2.

41.   In response to the allegations of paragraph 41, Hartford admits that Fireman's Fund has paid attorneys' fees and costs on behalf of CTIA in defense of various lawsuits in the Wireless Telephone Litigation, but is without knowledge or information sufficient to form a belief as to the precise amount of such fees and costs.  Further answering, Hartford denies the remainder of the allegations of paragraph 41, but admits that it has paid attorneys' fees and costs in connection with the defense of various lawsuits in the Wireless Telephone Litigation.

42.   Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.   Hartford is without knowledge or information sufficient to form a belief as to the allegations of paragraph 43.

44.    No response is required to the allegations of paragraph 44.  To the extent that a response is required, Hartford denies that Fireman's Fund is entitled to a judicial determination in its favor.

45.    To the extent that the allegations of paragraph 45 state conclusions of law, no response is required.  To the extent that a response is deemed required, Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.    In response to the allegations of paragraph 46, Hartford repeats and incorporates by reference its responses above to the allegations of paragraphs 1 through 45, as if fully set forth herein.

47.    In response to the allegations of paragraph 47, Hartford states that the terms of the purported Fireman's Fund policies speak for themselves.

48.    Hartford denies the allegations of paragraph 48.

49.    In response to the allegations of paragraph 49, Hartford admits that the *Wright* and *Busse* cases were filed prior to and/or were pending during the policy periods as stated in the purported policies attached to the Complaint as Exhibits 1 and 2.

50.    Hartford denies the allegations of paragraph 50.

51.    In response to the allegations of paragraph 51, Hartford repeats and incorporates by reference its responses above to the allegations of paragraphs 1 through 50, as if fully set forth herein.

52.    In response to the allegations of paragraph 52, Hartford states that the terms of the Fireman's Fund policies speak for themselves.

53.    Hartford denies the allegations of paragraph 53.

54.    Hartford denies the allegations of paragraph 54.

55.    Hartford denies the allegations of paragraph 55.

56.    In response to the allegations in paragraph 56, Hartford repeats and incorporates by reference its responses above to the allegations of paragraphs 1 through 55, as if fully set forth herein.

57.    Hartford denies the allegations of paragraph 57.

### THIRD DEFENSE

The doctrine of laches bars Plaintiff's claims.

### FOURTH DEFENSE

The statute of limitations bars Plaintiff's claims.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH DEFENSE

Plaintiff's claims are barred by its failure to comply with an agreement it entered into with Hartford to fund CTIA's defense costs.

10

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## TENTH DEFENSE

Hartford reserves the right to supplement or amend its defenses as additional facts become known during investigation and discovery.

.

## COUNTERCLAIM AND CROSS-CLAIM

Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford"), Counter-Plaintiffs, by their attorneys, bring this Counterclaim against Fireman's Fund Insurance Company ("Fireman's Fund"), Counter-Defendant, and Cross-Claim against CTIA – The Wireless Association, formerly known as the Cellular Telecommunications & Internet Association ("CTIA"), Cross-Defendant, and state:

1.    Hartford Casualty Insurance Company and Twin City Fire Insurance Company, Counter-Plaintiffs, are Indiana corporations with their principal place of business in Hartford, Connecticut.

2.    As asserted in its Complaint for Declaratory and Other Relief, Counter-Defendant Fireman's Fund is a California corporation with its principal place of business in California.

3.    Cross-Defendant CTIA is a trade association for the cellular telephone industry. CTIA has admitted that it is a District of Columbia corporation with its principal place of business in the District of Columbia.

4.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of different states and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs.

5.    Personal jurisdiction exists over the Counter-Defendant and Cross-Defendant because Fireman's Fund and CTIA transacted business in the District of

Columbia during the time periods relevant to this Counterclaim and Cross-Claim. Additionally, Counter-Defendant and Cross-Defendant have agents in the District of Columbia engaging in business on its behalf and did so during the periods of time relevant to this Counterclaim and Cross-Claim.

6.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue in this action occurred in the District of Columbia.

7.       This action arises out of disputes concerning the extent of obligations, if any, to defend and/or indemnify CTIA as to lawsuits involving cellular telephones. At various time periods, Hartford and Counter-Defendant Fireman's Fund provided various insurance coverage to Cross-Defendant CTIA, which requested coverage for those lawsuits. There is an actual, ripe and live controversy between the parties regarding their respective rights and obligations of insurance coverage under policies issued to CTIA.

8.       Hartford issued Commercial General Liability policies for the period June 1, 1991, through June 1, 2002, and umbrella policies for the period July 29, 1991, through June 1, 2002, to CTIA.

9.       Counter-Defendant Fireman's Fund, through First Specialty Insurance Company, issued insurance policies to Cross-Defendant CTIA for periods from, at least, June 1, 1998, through June 1, 2002.

10.    Subject to the terms, conditions, and endorsement of its policies, Hartford agreed to pay "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'" caused by an occurrence.

11.    In contrast, the Counter-Defendant's policies are so-called "claims-made" policies, obligating Fireman's Fund to pay "all 'loss' which the 'insured' shall be legally obligated to pay as a result of any 'claim' or 'claim(s)' made against the 'insured' due to a 'wrongful act,' provided that the 'claim' is first made during the 'policy period' . . ."

12.    Hartford's general liability policies for the term beginning June 1, 1996, and its umbrella policies at least for the term beginning June 1, 1997, and extending for both through June 1, 2002, contain an endorsement limiting coverage, as follows:

> The insurance afforded by this policy does not apply to damages arising out of:
>
> 1.    The setting or failure to set or the enforcement or failure to enforce standards of performance or quality;
>
> 2.    The adequacy of or reliance upon such standards;
>
> 3.    The warning or failure to give proper warning of the danger of a particular product;
>
> 4.    The failure to give adequate direction as to the proper use of a particular product;
>
> 5.    The licensing, certification, guarantee or warranty that a particular product is safe for its intended purpose; or

6.   Any activity of an insured which is perceived by
a third party as a license, certification, guarantee
or warranty that a particular product is safe for
its intended purpose.

13.   CTIA has been named a defendant in lawsuits asserting claims against

entities associated with the cellular telephone industry. The defendants in these lawsuits

vary, as do the nature of the claims asserted by the plaintiffs in those actions. The

allegations against CTIA assert that it failed to give adequate direction or proper warnings

concerning the use of cellular telephones.

14.   In some of these underlying cases in which CTIA was or is named as a

defendant, plaintiffs allege that they have been diagnosed with brain cancer and attribute

their conditions to the use of cellular telephones. These suits are:

| Caption | Court | Filing Date |
|---|---|---|
| *Newman, et al.*<br>*v. Motorola, Inc.* | Circuit Court for<br>Baltimore County, Maryland | August 1, 2000 |
| *Barrett, et al.*<br>*v. Nokia, Inc., et al.* | Georgia Superior Court,<br>Fulton County | January 29, 2001 |
| *Brower, et al.*<br>*v. Motorola, Inc., et al.* | California Superior Court | April 19, 2001 |
| *Murray, et al.*<br>*v. Motorola, Inc., et al.* | District of Columbia<br>Superior Court | November 5, 2001 |
| *Keller, et al.*<br>*v. Nokia, Inc., et al.* | District of Columbia<br>Superior Court | February 26, 2002 |
| *Agro, et al.*<br>*v. Motorola, Inc., et al.* | District of Columbia<br>Superior Court | February 26, 2002 |

06211/3/00178963.DOCv1

| Caption | Court | Filing Date |
|---|---|---|
| *Schwamb, et al.*<br>*v. Qualcomm, Inc., et al.* | District of Columbia<br>Superior Court | February 26, 2002 |
| *Schofield, et al.*<br>*v. Matsushita, Inc., et al.* | District of Columbia<br>Superior Court | February 26, 2002 |
| *Cochran, et al.*<br>*v. Audiovox Corp., et al.* | District of Columbia<br>Superior Court | February 26, 2002 |

(Copies of the Complaints in these cases are attached as Exhibits A through I,

respectively, to the Answer, Counterclaim and Cross-Claim of Defendant CTIA – The

Wireless Association and incorporated herein by reference.)

15.    In other litigation in which CTIA was or is named as a defendant, plaintiffs

seek class action status, assert that they became subject to an increased risk of future

injury through the use of cellular telephones and request damages related to the purchase

of head sets for cellular telephones.   These suits are:

| Caption | Court | Filing Date |
|---|---|---|
| *Pinney, et al.*<br>*v. Nokia, Inc., et al.* | United States District Court<br>for the District of Maryland | September 19, 2002<br>(Amended Complaint) |
| *Gimpelson, et al.*<br>*v. Nokia, Inc., et al.* | Superior Court<br>of Georgia | June 8, 2001 |
| *Gilliam, et al.*<br>*v. Nokia, Inc., et al.* | Supreme Court of New York,<br>Bronx County | April 23, 2001 |
| *Farina, et al.*<br>*v. Nokia, Inc., et al.* | Court of Common Pleas,<br>Philadelphia, Pennsylvania | April 19, 2001 |

06211/3/00178963.DOCv1

(Copies of the Complaints in these cases are attached as Exhibits J through M, respectively, to the Answer, Counterclaim and Cross-Claim of Defendant CTIA – The Wireless Association and incorporated herein by reference.)

16.    Another purported class action lawsuit in which CTIA was named as a defendant, *Dahlgren, et al. v. Audiovox Corp., et al.*, District of Columbia Superior Court, filed September 6, 2002, specifically states that the action "does not assert personal injury claims, such as claims related to the harmful effects that allegedly result from any class members' use of [cellular telephones]." Instead, the putative class in *Dahlgren* alleges violations of the Maryland Consumer Protection Act and the District of Columbia Consumer Protection Procedures Act through unfair or deceptive trade practices and false and deceptive trade practices. (A copy of the Complaint in *Dahlgren* is attached as Exhibit N to the Answer, Counterclaim and Cross-Claim of Defendant CTIA – The Wireless Association and incorporated herein by reference.)

17.    Hartford has paid for certain defense costs and expenses for CTIA in the *Newman, Barrett, Brower, Murray, Agro, Keller, Schwamb,* and *Schofield* cases.

18.    Pursuant to its obligations under its policies, Counter-Defendant Fireman's Fund has paid defense costs and expenses for CTIA in the underlying cellular telephone litigation suits.

19.     In those underlying cellular telephone cases against CTIA in which

Hartford has accepted the defense pursuant to reservations of rights and not declined

coverage, Hartford and Counter-Defendant Fireman's Fund agreed to split defense costs

and expenses evenly.  This agreement has operated in the *Newman, Barrett, Brower,*

*Murray, Agro, Keller, Schwamb,* and *Schofield* cases and dates back more than five years.

20.     Counter-Defendant Fireman's Fund now attempts to abrogate the defense

obligations under its policies and its agreement with Hartford and attempts to recoup from

Hartford defense costs that Fireman's Fund has paid in the underlying cellular telephone

litigation.

## COUNT I
## Declaratory Judgment
*Newman, Barrett, Brower, Murray, Keller, Agro, Schwamb, Schofield and Cochran*

21.     Hartford incorporates and realleges the allegations in paragraphs 1 through

20 of this Counterclaim and Cross-Claim, as if fully set forth herein.

22.     As outlined in the respective Complaints, the allegations against CTIA in

*Newman, Barrett, Brower, Murray, Keller, Agro, Schwamb, Schofield* and *Cochran* arise

out of the setting or failure to set or the enforcement or failure to enforce standards of

performance or quality; the adequacy or reliance on such standards; the warning or failure

to give proper warning of the danger of cellular telephones; the failure to give adequate

direction as to the proper use of cellular telephones; the licensing, certification or

warranty that cellular telephones are safe for their intended purpose; or activities of CTIA

06211/3/00178963.DOCv1

18

that were allegedly perceived by a third party as a license, certification, guarantee or warranty that cellular telephones are safe for their intended purpose.

23.    Pursuant to the endorsement in its policies as set forth in paragraph 12 above, Hartford owes no defense or indemnity obligations to CTIA for the *Newman, Barrett, Brower, Murray, Keller, Agro, Schwamb, Schofield* and *Cochran* cases under such policies.

24.    Hartford is entitled to a declaration pursuant to 28 U.S.C. § 2201 that it owes no defense or indemnity obligations related to the *Newman, Barrett, Brower, Murray, Keller, Agro, Schwamb, Schofield* and *Cochran* cases under the policies as set forth in paragraph 12 above.

**COUNT II**
**Declaratory Judgment**
***Pinney, Gimpelson, Gilliam and Farina***

25.    Hartford incorporates and realleges the allegations in paragraphs 1 through 24 of this Counterclaim and Cross-Claim, as if fully set forth herein.

26.    The allegations against CTIA in the underlying *Pinney, Gimpelson, Gilliam* and *Farina* cases do not seek damages because of "bodily injury" as defined under the Hartford policies.  As such, by their terms, the Hartford policies do not provide coverage for those claims, and Hartford owes no defense obligations to CTIA in connection with these cases.  Furthermore, no obligation exists to share defense costs with Fireman's Fund in these cases.

27.    Additionally, the allegations against CTIA in the underlying *Pinney, Gimpelson, Gilliam,* and *Farina* cases arise out of the setting or failure to set or the enforcement or failure to enforce standards of performance or quality; the adequacy or reliance on such standards; the warning or failure to give proper warning of the danger of cellular telephones; the failure to give adequate direction as to the proper use of cellular telephones; the licensing, certification or warranty that cellular telephones are safe for their intended purpose; or activities of CTIA that were allegedly perceived by a third party as a license, certification, guarantee or warranty that cellular telephones are safe for their intended purpose.  As such, no coverage for these cases is afforded under certain of the Hartford policies on this basis.

28.    Hartford is entitled to a declaration pursuant to 28 U.S.C. § 2201 that it owes no defense or indemnity obligation, past, present or future, to CTIA in connection with the *Pinney, Gimpelson, Gilliam* and *Farina* cases, and that it owes no defense costs or expenses, past, present, or future, to Fireman's Fund in connection with the *Pinney, Gimpelson, Gilliam* and *Farina* cases.

## COUNT III
## Recoupment

29.    Hartford incorporates and realleges the allegations in paragraphs 1 through 28 of this Counterclaim and Cross-Claim, as if fully set forth herein.

30.     To the extent that Hartford has advanced defense costs on behalf of CTIA in the *Pinney, Gimpelson, Gilliam* and *Farina* cases, such payments would have been made inadvertently in the course of Hartford's payment of billings on those unrelated cases for which Hartford had agreed to participate in the defense and Hartford is entitled to recoup those defense costs from Fireman's Fund and/or CTIA.

## COUNT IV
## Declaratory Judgment
### *Dahlgren*

31.     Hartford incorporates and realleges the allegations in paragraphs 1 through 30 of this Counterclaim and Cross-Claim, as if fully set forth herein.

32.     The allegations in *Dahlgren* do not allege a cellular telephone-related injury.  Indeed, plaintiff in *Dahlgren* acknowledges in her Complaint that the action "does not assert personal injury claims, such as claims related to the harmful effect that allegedly result from [the] use of [cellular telephones]." (*Dahlgren* Complaint, attached as Exhibit N to the Answer, Counterclaim and Cross-Claim of Defendant CTIA – The Wireless Association, at p.6, ¶ 18.)

33.     Because *Dahlgren* does not assert "bodily injury" or seek damages because of "bodily injury" as defined under the Hartford policies, Hartford owes no obligation to CTIA for defense or indemnity in connection with *Dahlgren*.  Furthermore, no obligation exists to share defense costs with Fireman's Fund in *Dahlgren*.

34.     Additionally, the allegations against CTIA in *Dahlgren* arise out of the setting or failure to set or the enforcement or failure to enforce standards of performance or quality; the adequacy or reliance on such standards; the warning or failure to give proper warning of the danger of cellular telephones; the licensing, certification or warranty that cellular telephones are safe for their intended purpose; or activities of CTIA that were allegedly perceived by a third party as a license, certification, guarantee or warranty that cellular telephones are safe for their intended purpose. As such, no coverage for *Dahlgren* is afforded under certain of the Hartford policies on this basis.

35.     Hartford is entitled to a declaration pursuant to 28 U.S.C. § 2201 that it owes no defense or indemnity obligation, past, present, or future, to CTIA in connection with *Dahlgren*, and that it owes no defense costs or expenses, past, present, or future to Fireman's Fund in connection with the *Dahlgren* case.

## COUNT V
## Declaratory Judgment,
## In the Alternative
## Fireman's Fund

36.     Hartford incorporates and realleges the allegations in paragraphs 1 through 35 of this Counterclaim and Cross-Claim, as if set forth fully herein.

37.     The coverage afforded to CTIA by the Hartford and Fireman's Fund policies is distinct. The policies do not cover the same "loss" as that term is used in Fireman's Fund's policies, and no provision exists under the Fireman's Fund policies that

would make those policies excess to any coverage for policy periods in which Hartford also provided coverage.

38.    In the alternative, therefore, should the Court determine that Hartford owes defense obligations in connection with any of the underlying cellular telephone litigation cases, Hartford is entitled to a declaration pursuant to 28 U.S.C. § 2201 that Fireman's Fund's coverage is not excess to Hartford's coverage, that Fireman's Fund, as subrogee or otherwise, is not entitled to recoup from Hartford monies it paid in defense costs and expenses in the underlying cellular telephone litigation, and that Hartford and Fireman's Fund both provide coverage for defense costs and expenses in these cases.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff and Cross-Plaintiff Hartford requests that this Court enter judgment in its favor as follows:

A.    As to Count I, a judicial declaration that Hartford owes no defense or indemnity obligations, past, present or future to CTIA or Fireman's Fund related to the *Newman, Barrett, Brower, Murray, Keller, Agro, Schwamb, Schofield* and *Cochran* cellular telephone litigation on the Hartford policies described in paragraph 12 above;

B.    As to Count II, a judicial declaration that Hartford owes no defense or indemnity obligations, past, present, or future, to CTIA or Fireman's Fund in connection with the *Pinney, Gimpelson, Farina* and *Gilliam* underlying cellular telephone litigation;

C.      As to Count III, awarding judgment against CTIA and in favor of Hartford, to the extent that Hartford has paid or will pay any defense costs incurred by CTIA in connection with *Pinney, Gimpelson, Gilliam* and *Farina*, or to the extent Hartford is found not to be entitled to recover any such amounts from Fireman's Fund, awarding judgment for some or all such amounts, as appropriate, from CTIA;

D.      As to Count IV, a judicial declaration that Hartford owes no defense or indemnity obligations, past, present or future, to CTIA or Fireman's Fund in connection with the *Dahlgren* cellular telephone litigation;

E.      Alternatively, should the Court determine that Hartford has defense obligations in connection with any case in the underlying cellular telephone litigation, as to Count V, a judicial declaration that Fireman's Fund's coverage for such cases is not excess to Hartford's coverage and that Fireman's Fund and Hartford both provide coverage for defense costs and expenses in those cases;

F.      As to any underlying cellular telephone litigation case in which Hartford is determined to have a defense obligation, a judicial declaration of the appropriate shares of the defense to be paid by Hartford and by Fireman's Fund, and a judgment for reimbursement from Fireman's Fund to adjust Hartford's past payments to its appropriate share; and

G.      Such other and further relief that this Court deems reasonable and proper under the circumstances.

06211/3/00178963.DOCv1

Dated:  June 29, 2006                    Respectfully submitted,


                                         */s/ Lee H. Ogburn*
                                         Lee H. Ogburn
                                         Bar Identification:  MD00118
                                         KRAMON & GRAHAM, P.A.
                                         One South Street, Suite 2600
                                         Baltimore, Maryland 21202
                                         Phone:  410-752-6030
                                         Fax:  410-539-1269

                                         *Attorneys for*
                                         *The Hartford Casualty Insurance Co.*
                                         *and Twin City Fire Insurance Co.*

06211/3/00178963.DOCv1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2006, a copy of the foregoing

Answer to Complaint for Declaratory and Other Relief, Counterclaim and Cross-Claim

was mailed by first-class mail, postage prepaid to:

> Lewis K. Loss, Esquire
> Jeremy S. Simon, Esquire
> Thompson, Loss & Judge, LLP
> 1919 Pennsylvania Ave., N.W.
> Suite M-200
> Washington, D.C.  20006
>
> *Attorneys for Fireman's Fund Insurance Company*
>
> and to:
>
> Sanford M. Saunders, Esquire
> Ross E. Eisenberg, Esquire
> Mark E. Miller, Esquire
> Greenberg Traurig, LLP
> 800 Connecticut Avenue. N.W.
> Suite 500
> Washington, D.C. 20006
>
> *Attorneys for CTIA - The Wireless Association*
>
> */s/ Lee H. Ogburn*
> Lee H. Ogburn

06211/3/00178963.DOCv1