IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: 1:06CV00854 |
| v. | * | |
| CELLULAR TELECOMMUNICATIONS AND INTERNET ASSOCIATION, *et al.* | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford"), Cross-Defendants, submit this memorandum in support of their motion to dismiss Count III of the cross-claim asserted against Hartford by CTIA – The Wireless Association, formerly the Cellular Telecommunications & Internet Association ("CTIA"), Cross-Plaintiff. In this memorandum, Hartford will demonstrate that Count III of the cross-claim must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because it fails to state a claim upon which relief can be granted.

I.   FACTUAL BACKGROUND

CTIA is a trade association for the cellular telephone industry. Cross-Claim at ¶¶ 3, 8. It seeks coverage from Hartford for various lawsuits against the cellular telephone industry in which it has been named as a defendant. *Id.* at ¶¶ 8, 10.

Hartford issued general liability policies to CTIA from 1991 to 2002, and Hartford has participated in the defense of CTIA in many of the cellular telephone lawsuits asserted against CTIA under a reservation of rights. *Id.* at ¶¶ 12, 21, 22. Because certain of the lawsuits against CTIA contain no claims that are potentially covered by the Hartford policies, however, Hartford has declined to defend CTIA in those lawsuits. *Id.* at ¶ 28. CTIA asserts that Hartford's declination of coverage in these cases is "unjustifi[ed]" and constitutes, among other things, reckless abuse and bad faith, entitling CTIA to punitive damages for "bad faith breach of contract" under Count III. *Id.* at ¶¶ 48, 49, 51.

Even if CTIA's factual assertions were true, which they are not, CTIA's claim for bad faith breach of insurance contract would be legally deficient. Count III therefore should be dismissed for its failure to state a claim upon which relief can be granted.

II. <u>LEGAL STANDARDS FOR A MOTION TO DISMISS</u>

A motion to dismiss for failure to state a claim tests the legal sufficiency of the facts alleged in the complaint.[1] *Mazaleski v. Truesdell*, 562 F.2d 701 (D.C.Cir. 1977). For purposes of the motion, the well-pleaded factual allegations are taken as true. *In re United Mine Workers of Am. Employee Benefit Plans Lit.*, 854 F.Supp. 914, 915 (D.D.C. 1994). The court, however, is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).

---

[1] The same standards govern the motion to dismiss a cross-claim. *See Ellipso, Inc. v. Mann*, 2006 WL 1126814 (D.D.C. 2006) (considering a motion to dismiss a counterclaim under Fed.R.Civ.P. 12(b)(6)).

The unique function of Rule 12(b)(6) is to "authorize[ ] a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Dismissal should be granted where, as in this case, it appears beyond doubt that, in support of its claims, plaintiff can prove no set of facts that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III. <u>ARGUMENT</u>

Count III of CTIA's cross-claim should be dismissed because no cause of action for "bad faith" exists under the law of the District of Columbia. This Court has repeatedly acknowledged that District of Columbia law would not recognize a claim for the bad faith denial of insurance. *See, e.g., Washington v. Government Employees Ins. Co.*, 769 F.Supp. 383 (D.D.C. 1991) ("GEICO"); *American National Red Cross v. Travelers Indem. Co.*, 896 F.Supp. 8, 11 n.4 (D.D.C. 1995); *Brand v. Government Employees Ins. Co.*, 2005 WL 3201322 (D.D.C. 2005).

The Court of Appeals of the District of Columbia "has not squarely addressed the question whether bad faith denial of an insurance claim constitutes an independent tort under D.C. law." *Messina v. Nationwide Mut. Ins. Co.*, 998 F.2d 2, 4 (D.C. Cir. 1993). "In cases [where] District of Columbia law is silent, the Court's responsibility is to predict whether the District of Columbia Court of Appeals would recognize such a cause of action." *Whitaker v. Washington Metropolitan Area Transit Auth.*, 889 F.Supp. 505, 06-07, (D.D.C. 1995). This Court has predicted that the District of Columbia would not recognize the cause of action for several reasons. First, Maryland law, which is "the source of the [District of Columbia's] common law and an especially persuasive authority

when the District's common law is silent," *Napolean v. Heard*, 455 A.2d 901, 903 (D.C. 1983), rejects the tort. *See McCauley v. Suls*, 716 A.2d 1129, 1134 (Md. Ct. Spec. App. 1998). Second, the statutory law in the District of Columbia does not provide a claim for bad faith breach of insurance contract. The lack of such a statutory private cause of action is significant in light of the fact that other states do provide statutory causes of action for an insurer's bad faith refusal to pay a claim. *GEICO*, 769 F.Supp. at 386-87 (citing Fla. Stat. Ann. §624.155 (1991 Supp.) and Ga. Code Ann. §33-34-6 (1982)). The District of Columbia Council has elected, however, not to create the claim.

Only one reported case has interpreted District of Columbia law to include such a claim. Indeed, the sole decision recognizing the cause of action, *Washington v. Group Hospitalization, Inc.*, 585 F.Supp. 517 (D.D.C. 1984), relies on *Continental Insurance Co. v. Lynham*, 293 A.2d 481, 483 (D.C. App. 1972), which does not stand for the proposition cited. Notably, *Continental Insurance* did not even consider a cause of action for bad faith breach of insurance contract, addressing only whether an abuse of discretion existed in the trial court's award of attorney's fees as part of costs. 293 A.2d at 482. Therefore, the foundation for the only case recognizing the bad faith breach of insurance contract is unsound.

Moreover, several decisions since *Group Hospitalization* have declined to follow its lead and instead hold that District of Columbia law does not recognize the cause of action. In *GEICO, supra*, for example, the court specifically rejected *Group Hospitalization*, noting that it "has not been universally followed" and citing opinions from this Court and the Superior Court for the District of Columbia. 769 F.Supp. at 387.

While acknowledging the divergence of opinion created by *Group Hospitalization*, the court in *American National Red Cross v. Travelers Indem. Co.*, 896 F.Supp. at 11 n.4, supported "the view that Judge Flannery's holding in *GEICO*, that such a tort does not exist under District of Columbia law, is the better approach." It reiterated this ruling in *American National Red Cross v. Travelers Indem. Co.*, 924 F.Supp. 304 (D.D.C. 1996).

Two recent decisions upholding dismissal of similar bad faith claims likewise reject *Group Hospitalization*. In *American Registry of Pathology v. Ohio Casualty Ins. Co.*, 401 F.Supp. 2d 75 (D.D.C. 2005), plaintiff asserted a bad faith refusal to provide insurance coverage and sought punitive damages. The insurer moved to dismiss the claim under Rule 12(b)(6) on the basis that District of Columbia law does not recognize such a tort.

The court in *American Registry* reviewed precedents considering the issue. It first distinguished *Group Hospitalization*, declaring that the case on which it is based "did not raise a tort claim of bad faith refusal to pay, nor did the Court of Appeals decide that such a cause of action existed." *American Registry*, 401 F.Supp. 2d at 78 (*quoting GEICO*, 769 F.Supp. at 386).

Additionally, *American Registry* noted that legislative bodies in the District of Columbia had not created a statutory private cause of action for bad faith refusal to pay an insurance claim, while other legislative remedies on similar insurance issues had been approved. 401 F.Supp. 2d at 78-79. The court therefore concluded that the cause of action is not recognized and dismissed the claim. *Id.* at 79.

Two months later, this Court reached the same result in *Brand v. Government Employees Ins. Co., supra*. Plaintiff there sought compensatory and punitive damages for the alleged bad faith refusal of his insurer to pay claims.

The court in *Brand* undertook an exhaustive analysis, recognizing a split in authority on the existence of this cause of action. It noted that more recent opinions support the view in *GEICO* that District of Columbia law does not support a bad faith failure to pay an insurance claim. *Brand*, 2005 WL 3201322 at *3. Examining in detail *GEICO*'s reasoning, *Brand* concluded that the contrary holding in *Group Hospitalization* was based on a mis-reading of earlier authority. *Id.* It found additional support for rejecting the claim in an analysis of the District of Columbia Code and decisions from this Court and the D.C. Superior Court. *Id.* at *3-4. Significantly, the court also looked to Maryland law to demonstrate that a bad faith breach of insurance contract claim is not recognized. *Id.*

Given this weight of authority, *Brand* held that "the District of Columbia does not currently recognize a claim for the bad faith denial of insurance." 2005 WL 3201322 at *5. The dismissal of the cause of action likewise meant that plaintiff's claim for punitive damages could not proceed. *Id.*

The same rationale applies in this case. After already alleging breach of contract in Count I, the Cross-Claim asserts a separate cause of action labeled as a "bad faith breach of contract" in Count III. CTIA alleges that Hartford's "bad faith conduct was the proximate cause of [its] injury." Cross-Claim at ¶51. Because this claim asserts a cause of action for the tort of bad faith breach of insurance contract, it should be dismissed.

Further, because CTIA's Prayer for Relief seeks punitive damages under this count, that claim also must be dismissed.

IV.   CONCLUSION

District of Columbia law does not recognize the cause of action for bad faith breach of insurance contract that CTIA asserts in Count III. Accordingly, for the reasons stated herein, Hartford respectfully requests that this Court grant its Motion and dismiss Count III of CTIA's Cross-Claim and the accompanying prayer for punitive damages.

Dated:  July 18, 2006                                   Respectfully submitted,

*/s/ Lee H. Ogburn*
Lee H. Ogburn
Bar Identification:  MD00118
John J. Kuchno
Bar Identification:  MD04211
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
Phone:  410-752-6030
Fax:  410-539-1269

*Attorneys for Hartford Casualty Insurance Co.
and Twin City Fire Insurance Co.*