IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | | |
| | * | Case No.: 1:06CV00854 |
| v. | | |
| | * | |
| CELLULAR TELECOMMUNICATIONS AND INTERNET ASSOCIATION, *et al.* | * | |
| | | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO CROSS-CLAIM

Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford"), Cross-Defendants, by their attorneys, hereby answer the Cross-Claim of CTIA – The Wireless Association, formerly the Cellular Telecommunications & Internet Association ("CTIA"), as follows:

### FIRST DEFENSE

The Cross-Claim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Answering each paragraph of the Cross-Claim, Hartford states:

1.      As to the nature of the claims made or relief sought by CTIA as alleged in paragraph 1, no response is required. To the extent that a response is deemed required, Hartford denies all remaining allegations of paragraph 1.

2. The allegations of paragraph 2 state only conclusions of law to which no response is required. To the extent that a response is deemed required, Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 except that Hartford admits that the amount in controversy exceeds $75,000.00.

3. Hartford admits that CTIA is a trade association, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Hartford admits the allegations of paragraph 4.

5. Hartford admits the allegations of paragraph 5.

6. To the extent that the allegations of paragraph 6 state only conclusions of law, no response is required. To the extent that a response is deemed required, Hartford admits that it has engaged in the business of insurance in the District of Columbia during the time periods set forth in the Cross-Claim.

7. To the extent that the allegations of paragraph 7 state only conclusions of law, no response is required. To the extent that a response is deemed required, Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. In response to the allegations of paragraph 8, Hartford admits that CTIA has been named a defendant in various lawsuits filed against entities associated with the cellular telephone industry.

9. In response to the allegations of paragraph 9, Hartford admits that certain of the lawsuits in which CTIA has been named as a defendant, among other things, involve plaintiffs who allege that their bodily injuries are somehow related to the use of cellular telephones. Hartford denies that each of these lawsuits involves such plaintiffs and such injuries and further responds that the allegations of the lawsuits speak for themselves.

10. In response to the allegations of paragraph 10, Hartford states that the identified lawsuits name CTIA and others as defendants. To the extent that the allegations of paragraph 10 provide only a description of the relief sought by CTIA, no response is required. To the extent that a response is deemed required, Hartford denies that CTIA is entitled to the relief it seeks.

11. In response to the allegations of paragraph 11, Hartford states that the allegations in the identified lawsuits speak for themselves and that certain lawsuits have been described as "Brain Cancer Cases." Hartford denies that the allegations concerning what CTIA calls the "Headset Bodily Injury Cases" is a proper description of the allegations in those cases and denies the allegations regarding these cases. Additionally, by responding to the allegations concerning the so-called "Headset Bodily Injury Cases" in the remainder of the Cross-Claim, Hartford does not waive its objections to the use of that term and denies that the term is a proper description of those cases.

12. In response to the allegations of paragraph 12, Hartford admits that it sold various general liability and umbrella insurance policies to CTIA for various policy

periods commencing on June 1, 1991, and extending through June 1, 2002, but denies the allegations of paragraph 12.

13. In response to the allegations of paragraph 13, Hartford admits that a purported Hartford general liability insurance policy is attached to the Cross-Claim as Exhibit O, but denies that this is a representative general liability insurance policy.

14. In response to the allegations of paragraph 14, Hartford states that each Hartford policy speaks for itself.

15. In response to the allegations of paragraph 15, Hartford states that each Hartford policy speaks for itself.

16. In response to the allegations of paragraph 16, Hartford states that each Hartford policy speaks for itself.

17. In response to the allegations of paragraph 17, Hartford states that each Hartford policy speaks for itself.

18. In response to the allegations of paragraph 18, Hartford states that each Hartford policy speaks for itself.

19. Hartford denies the allegations of paragraph 19 and states that each Hartford policy speaks for itself.

20. In response to the allegations of paragraph 20, Hartford states that each Hartford policy speaks for itself.

21. Hartford denies the allegations of paragraph 21, but states that it agreed to participate in the defense of the *Newman* and *Barrett* cases subject to reservations of rights.

22. Hartford denies the allegations of paragraph 22, but states that it agreed to participate in the defense of the identified lawsuits subject to reservations of rights.

23. Hartford denies the allegations of paragraph 23.

24. In response to the allegations of paragraph 24, Hartford admits that it declined coverage in the *Pinney, Gilliam, Gimpelson, Farina* and *Dahlgren* cases.

25. Hartford denies the allegations of paragraph 25, but states that inadvertent payments may have been made in the course of Hartford's payment of billings on those unrelated cases for which Hartford had agreed to participate in the defense.

26. Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Hartford denies the allegations of paragraph 27.

28. Hartford is without knowledge or information sufficient to form a belief as to the appearance of its declination of coverage as to cases in the underlying cellular telephone litigation, but states that the grounds for such declinations have been set forth in various communications to CTIA.

29. Hartford denies the allegations of paragraph 29.

30. Hartford denies the allegations of paragraph 30.

31. In response to the allegations of paragraph 31, Hartford repeats and incorporates by reference its responses above to the allegations of paragraphs 1 through 30, as if fully set forth herein.

32. Hartford denies the allegations of paragraph 32.

33. Hartford denies the allegations of paragraph 33.

34. Hartford denies the allegations of paragraph 34.

88. (sic) Hartford denies the allegations of the paragraph labeled as 88, which appears between paragraphs 34 and 35 of CTIA's Cross-Claim.

35. Hartford denies the allegations of paragraph 35.

36. In response to the allegations of paragraph 36, Hartford repeats and incorporates by reference its responses above to the allegations of paragraphs 1 through 35, including paragraph 88, as if fully set forth herein.

37. Hartford denies the allegations of paragraph 37, but states that inadvertent payments may have been made in the course of Hartford's payment of billings on those unrelated cases for which Hartford had agreed to participate in the defense.

38. In response to the allegations of paragraph 38, Hartford states that it has declined coverage for the *Pinney, Gilliam, Gimpelson, Farina,* and *Dahlgren* cases.

39. Hartford denies the allegations of paragraph 39.

40. Hartford denies the allegations of paragraph 40.

41. Hartford denies the allegations of paragraph 41.

42. Hartford denies the allegations of paragraph 42.

43. Hartford denies the allegations of paragraph 43.

44. In response to the allegations of paragraph 44, Hartford repeats and incorporates by reference its responses above to the allegations of paragraphs 1 through 43, including its response to paragraph 88, as if fully set forth herein.

45. Hartford denies the allegations of paragraph 45.

46. Hartford denies the allegations of paragraph 46.

47. Hartford denies the allegations of paragraph 47.

48. Hartford denies the allegations of paragraph 48.

49. Hartford denies the allegations of paragraph 49.

50. Hartford denies the allegations of paragraph 50.

51. Hartford denies the allegations of paragraph 51.

52. Hartford denies the allegations of paragraph 52.

53. In response to the allegations of paragraph 53, Hartford repeats and incorporates by reference its responses above to the allegations of paragraphs 1 through 52, including its response to paragraph 88, as if fully set forth herein.

54. Hartford denies the allegations of paragraph 54.

55. Hartford admits that it has declined coverage in the *Pinney, Gilliam, Gimpelson, Farina,* and *Dahlgren* cases.

56. Hartford denies the allegations of paragraph 56.

57. Hartford denies the allegations of paragraph 57.

## THIRD DEFENSE

The doctrine of laches bars CTIA's claims.

## FOURTH DEFENSE

The statute of limitations bars CTIA's claims.

## FIFTH DEFENSE

CTIA's claims are barred by the doctrine of estoppel.

## SIXTH DEFENSE

CTIA's claims are barred by the doctrine of waiver.

## SEVENTH DEFENSE

CTIA's claims are barred, in whole or in part, by its failure to comply with agreements entered into with Hartford regarding CTIA's defense costs.

## EIGHTH DEFENSE

CTIA's claims may be barred, in whole or in part, by its failure to comply with terms of the Hartford policies.

## NINTH DEFENSE

CTIA's claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE

CTIA has failed to mitigate its damages, if any.

## ELEVENTH DEFENSE

Hartford reserves the right to supplement or amend its defenses as additional facts become known during investigation and discovery.

Dated: July 18, 2006

Respectfully submitted,

_____
Lee H. Ogburn
Bar Identification: MD00118
John J. Kuchno
Bar Identification: MD04211
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
Phone: 410-752-6030
Fax: 410-539-1269

*Attorneys for Hartford Casualty Insurance Co. and Twin City Fire Insurance Co.*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July, 2006, a copy of the foregoing Answer to Cross-Claim was electronically sent to:

>Lewis K. Loss, Esquire
>Jeremy S. Simon, Esquire
>Thompson, Loss & Judge, LLP
>1919 Pennsylvania Ave., N.W.
>Suite M-200
>Washington, D.C. 20006
>
>*Attorneys for Fireman's Fund Insurance Company*

and to:

>Sanford M. Saunders, Esquire
>Ross E. Eisenberg, Esquire
>Mark E. Miller, Esquire
>Greenberg Traurig, LLP
>800 Connecticut Avenue. N.W.
>Suite 500
>Washington, D.C. 20006
>
>*Attorneys for CTIA - The Wireless Association*

_____
John J. Kuchno