IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> CELLULAR TELECOMMUNICATIONS AND INTERNET ASSOCIATION, THE HARTFORD CASUALTY INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY, <br><br> Defendants. | Case No.: 1:06-CV-00854 |

**ANSWER TO CROSS-CLAIM OF DEFENDANT
CTIA - THE WIRELESS ASSOCIATION**

Cross-Defendant CTIA-The Wireless Association, formerly the Cellular Telecommunications & Internet Association ("Defendant" or "CTIA"), pursuant to FED. R. CIV. P. 7(a), hereby answers the Cross-Claim of Cross-Plaintiffs Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford") as follows:

**CROSS-CLAIM**

1.  CTIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, but has no reason to believe the allegations contained in Paragraph 1 are false. To the extent a response is required, CTIA denies the allegations in Paragraph 1.

1

2. CTIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, but has no reason to believe the allegations contained in Paragraph 2 are false. To the extent a response is required, CTIA denies the allegations in Paragraph 2.

3. CTIA admits that it is a trade association existing under the laws of the District of Columbia, that its principal place of business is in the District of Columbia, and that its members include, but are not limited to, corporations involved in the wireless telephone industry.

4. CTIA admits the allegations contained in Paragraph 4.

5. CTIA admits the allegations contained in Paragraph 5.

6. CTIA admits the allegations contained in Paragraph 6.

7. CTIA admits that this action arises out of disputes concerning the extent of obligations to defend and/or indemnify CTIA as to a number of distinct and different underlying lawsuits referenced in Hartford's Answer and Counterclaim, that Hartford and Fireman's Fund insured CTIA, that CTIA requested coverage from each insurer for each of the lawsuits filed against them, and that there is an actual, ripe and live controversy between the parties concerning which of CTIA's two insurers should take the lead in defending and indemnifying CTIA with respect to the underlying lawsuits. CTIA denies the remaining allegations contained in Paragraph 7.

8. CTIA admits the allegations contained in Paragraph 8.

9. CTIA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 9, but has no reason to believe the allegations contained in

Paragraph 9 are false. To the extent a response is required, CTIA denies those allegations.

10. CTIA admits that some or all of the Hartford insurance policies contain some or all of the language quoted in Paragraph 10, and that some or all of the insurance policies that Hartford sold to CTIA cover loss caused by an occurrence. CTIA is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 10. To the extent a response is required, CTIA denies the remaining allegations contained in Paragraph 10.

11. CTIA admits that the Fireman's Fund policies are so-called "claims-made policies, and that some or all of them contain the language quoted in Paragraph 11. CTIA is without sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 11. To the extent a response is required, CTIA denies the remaining allegations contained in Paragraph 11.

12. CTIA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 12, and therefore denies those allegations.

13. CTIA admits it is or was a defendant in a number of different and distinct lawsuits and that the allegations against CTIA are set forth in complaints filed in those lawsuits. CTIA also admits that the defendants in these lawsuits vary, as do the nature of the claims asserted by the plaintiffs in those actions. CTIA denies the remaining allegations contained in Paragraph 13.

14. CTIA admits the allegations contained in Paragraph 14, with the exception that the filing date in the <u>Murray</u> case was November 15 and not November 5.

15. CTIA admits that it was named a defendant in the lawsuits referenced in Paragraph 15, and that the plaintiffs in each of these cases allege they have suffered an "adverse cellular reaction," "biological injury," or similar "cellular dysfunction" from using cellular telephones and as a result of CTIA. Although each of these lawsuits allege some form of adverse cellular reaction, they each arise out of different facts, circumstances and situations. Because the allegations of these lawsuits are most accurately set forth in each respective third-party complaint, CTIA denies the remaining allegations of Paragraph 15.

16. CTIA admits that it is a named defendant in <u>Dahlgren, and this lawsuit, like those set forth in Paragraph 15, alleges that the plaintiffs</u> suffered an "adverse cellular reaction," "biological injury," or similar "cellular dysfunction" from using cellular telephones and as a result of CTIA. Because the allegations of this lawsuit are most accurately set forth in the <u>Dahlgren</u> complaint attached to each respective third-party complaint, CTIA denies the remaining allegations of Paragraph 16.

17. CTIA admits that Hartford has paid a portion of defense costs and expenses in all of the underlying lawsuits referenced in Paragraphs 14 through 16 of Hartford's Cross-Claim.

18. CTIA admits that Fireman's Fund has paid a portion of defense costs and expenses in all of the underlying lawsuits referenced in Paragraphs 14 through 16 of Hartford's Cross-Claim..

19. CTIA admits that there was an agreement between Hartford and Fireman's Fund wherein both insurers agreed to split defense costs and expenses evenly with respect to all of the underlying lawsuits referenced in Paragraphs 14 through 16 of

Hartford's Cross-Claim, and that this agreement dates back more than five years. CTIA also admits that both insurers have breached this agreement. CTIA denies the remaining allegations contained in Paragraph 19.

20. Paragraph 20 does not contain any allegations concerning CTIA and, thus, a response is not required. To the extent a response is required, CTIA admits the allegations contained in Paragraph 20.

## COUNT I
### Declaratory Judgment

21. CTIA incorporates by reference its answers to Paragraphs 1-20, as if fully set forth herein.

22. CTIA denies the allegations contained in Paragraph 22.

23. CTIA denies the allegations contained in Paragraph 23.

24. CTIA denies the allegations contained in Paragraph 24.

## COUNT II
### Declaratory Judgment

25. CTIA incorporates by reference its answers to Paragraphs 1-24, as if fully set forth herein.

26. CTIA denies the allegations contained in Paragraph 26.

27. CTIA denies the allegations contained in Paragraph 27.

28. CTIA denies the allegations contained in Paragraph 28.

## COUNT III
### Recoupment

29. CTIA incorporates by reference its answers to Paragraphs 1-28, as if fully set forth herein.

30. CTIA denies the allegations contained in Paragraph 30.

## COUNT IV
### Declaratory Judgment

31. CTIA incorporates by reference its answers to Paragraphs 1-30, as if fully set forth herein.

32. The language of the <u>Dahlgren</u> complaint stands for itself. CTIA denies the remaining allegations contained in Paragraph 32.

33. CTIA denies the allegations contained in Paragraph 33.

34. CTIA denies the allegations contained in Paragraph 34.

35. CTIA denies the allegations contained in Paragraph 35.

## COUNT V
### Declaratory Judgment

36. CTIA incorporates by reference its answers to Paragraphs 1-35, as if fully set forth herein.

37. CTIA denies the allegations contained in Paragraph 37.

38. Paragraph 38 does not contain any allegations concerning CTIA and, thus, a response is not required. In addition, the allegations of Paragraph 38 are conclusions of law to which no response is required. To the extent a response is required, CTIA is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 38, and therefore denies those allegations.

## PRAYER FOR RELIEF

The remaining allegations are prayers for relief which do not require an admission or denial by CTIA. To the extent a response is required, the allegations are denied. Unless specifically admitted herein, all allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Cross-Plaintiffs have failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Cross-Plaintiffs' claims are barred by their failure to comply with the agreement they entered into with Plaintiff to fund CTIA's defense costs.

### Third Affirmative Defense

Cross-Plaintiffs' claims are barred due to their failure to comply with the terms and conditions of the Hartford Policies.

### Fourth Affirmative Defense

Cross-Plaintiffs' claims are barred by the doctrine of waiver.

### Fifth Affirmative Defense

Cross-Plaintiffs' claims are barred by the doctrine of estoppel.

### Sixth Affirmative Defense

Cross-Plaintiffs' claims are barred because the Setting of Standards Exclusion is ambiguous.

### Seventh Affirmative Defense

Cross-Plaintiffs' claims are barred because the Setting of Standards Exclusion is unconscionable.

### Eighth Affirmative Defense

Cross-Plaintiffs' claims are barred because Cross-Plaintiffs' interpretation of the Setting of Standards Exclusion results in illusory coverage.

**Ninth Affirmative Defense**

Cross-Plaintiffs' claims are barred by the doctrine of unclean hands.

**Tenth Affirmative Defense**

Cross-Plaintiffs' claims are barred due to its breach of its obligations of good faith and fair dealing.

**Eleventh Affirmative Defense**

Cross-Plaintiffs' claims are barred by the doctrine of contributory negligence.

**Twelfth Affirmative Defense**

Cross-Plaintiffs have failed to mitigate their damages, if any.

**Thirteenth Affirmative Defense**

Cross-Plaintiffs' claims are barred by the statute of limitations.

**Fourteenth Affirmative Defense**

Cross-Plaintiffs' claims are barred by the doctrine of laches.


Defendant reserves the right to add other Affirmative Defenses up to and including the day of trial.

WHEREFORE, having fully answered, Defendant CTIA prays that the relief sought in Cross-Plaintiffs Hartford Casualty Insurance Company and Twin City Fire Insurance Company Cross-Claim be denied, enter judgment on Defendant CTIA's Cross-Claim against Hartford, and award Defendant CTIA its costs and fees incurred.

Dated: August 3, 2006                              Respectfully Submitted,

_/s/ Ross E. Eisenberg_
Sanford M. Saunders (D.C. Bar No. 376098)
Ross E. Eisenberg (D.C. Bar No. 489045)
GREENBERG TRAURIG LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)

Of Counsel:

Mark E. Miller (D.C. Bar No. 445743)
GREENBERG TRAURIG LLP
800 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006
(202) 331-3100 (phone)
(202) 331-3101 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Answer to Cross-Claim** was served this 3rd day of August, 2006 via electronic mail, upon:

>Lewis K. Loss, Esquire
>Jeremy S. Simon, Esquire
>THOMPSON, LOSS & JUDGE LLP
>1919 Pennsylvania Ave., N.W.
>Suite M-200
>Washington, DC 20006
>
>Lee H. Ogburn, Equire
>KRAMON & GRAHAM, P.A.
>One South Street, Suite 2600
>Baltimore, MD 21202

>_____/s/_____
>Ross E. Eisenberg