IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY  )<br>  )<br>Plaintiff-Counterclaim Defendant,  )<br>  )<br>v.  )<br>  )<br>CELLULAR TELECOMMUNICATIONS  )<br>AND INTERNET ASSOCIATION, THE  )<br>HARTFORD CASUALTY INSURANCE  )<br>COMPANY and TWIN CITY FIRE  )<br>INSURANCE COMPANY,  )<br>  )<br>Defendants-Counterclaim Plaintiffs.  )<br>  ) | Case No.: 1:06-CV-00854-JDB |

## ANSWER TO COUNTERCLAIM FILED BY DEFENDANT CTIA – THE WIRELESS ASSOCIATION AND AFFIRMATIVE DEFENSES

Plaintiff-Counterclaim Defendant, Fireman's Fund Insurance Company ("Fireman's Fund"), by its attorneys, hereby files this Answer and affirmative defenses to the Counterclaim filed by Defendant-Counterclaim Plaintiff CTIA – The Wireless Association, formerly the Cellular Telecommunications and Internet Association ("CTIA").[1]

### BACKGROUND

In response to the numbered paragraphs of the Counterclaim, Fireman's Fund responds as follows:

1.  The allegations in this paragraph purport to characterize the allegations contained in the Complaint for Declaratory and Other Relief filed by Fireman's Fund,

---
[1] In this answer, Defendants Hartford Casualty Insurance Company and Twin City Fire Insurance Company are referred to collectively as "Hartford."

and Fireman's Fund states, as its answer to the allegations in this paragraph, that the Complaint speaks for itself, and otherwise denies the allegations in this paragraph.

2. The allegations in this paragraph purport to characterize the allegations contained in the complaints filed in the Underlying Lawsuits, and Fireman's Fund states, as its answer to this paragraph, that the complaints speak for themselves. To the extent that any further answer to the allegations contained in this paragraph is required from Fireman's Fund, Fireman's Fund states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. In response to the allegations in paragraph 3, Fireman's Fund states that, as set forth more fully in its Complaint for Declaratory and Other Relief, Fireman's Fund provided a defense to CTIA in the Underlying Lawsuits subject to a reservation of rights, and advanced, and continues to advance, certain attorneys' fees and costs incurred by or on behalf of CTIA in defense of those lawsuits, and that Fireman's Fund has initiated this litigation to obtain a declaration as to its obligations, if any, with respect to the Underlying Lawsuits, and otherwise denies the allegations in this paragraph.

4. The allegations in this paragraph purport to characterize the allegations made in the Complaint for Declaratory and Other relief filed by Fireman's Fund in this matter, and Fireman's Fund states, as its answer to this paragraph, that the Complaint speaks for itself. To the extent any allegations contained in this paragraph require any further response, Fireman's Fund denies such allegations.

5. The allegations in this paragraph purport to characterize the allegations made in CTIA's Counterclaim, and Fireman's Fund states, as its answer to this

paragraph, that the Counterclaim speaks for itself, and otherwise denies the allegations in this paragraph.

## PARTIES

6.   Fireman's Fund admits, on information and belief, the allegations contained in this paragraph.

7.   Fireman's Fund admits the allegations contained in this paragraph.

## JURISDICTION AND VENUE

8.   This paragraph states a legal conclusion to which no answer is required from Fireman's Fund.

9.   This paragraph states a legal conclusion to which no answer is required from Fireman's Fund.

## THE UNDERLYING LAWSUITS

10.   Fireman's Fund admits that CTIA has been named as a defendant in the Underlying Lawsuits, or amendments to them, as listed in paragraph 11 of CTIA's Counterclaim. To the extent that this paragraph purports to characterize the allegations contained in the complaints filed in the Underlying Lawsuits, Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the complaints speak for themselves. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, and to the extent the allegations in this paragraph state or imply any legal conclusions concerning the Underlying Lawsuits, Fireman's Fund denies the allegations contained in this paragraph.

11.   Fireman's Fund admits that CTIA has been named as a defendant in the referenced lawsuits, or amendments to them, and avers that the definition of "Wireless Telephone Litigation" as used by Fireman's Fund in its Complaint for Declaratory and

Other Relief is intended to be co-extensive with the term "Underlying Lawsuits" used in this paragraph, and that the omission of the <u>Barrett</u> lawsuit from the term "Wireless Telephone Litigation" as used in the Complaint was inadvertent. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, and to the extent the allegations in this paragraph state or imply any legal conclusions concerning the Underlying Lawsuits, Fireman's Fund denies the allegations contained in this paragraph.

12.     The allegations in this paragraph purport to characterize the allegations contained in the complaints filed in the Underlying Lawsuits, and Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the complaints speak for themselves. To the extent any further response is required, Fireman's Fund denies the allegations contained in this paragraph.

## THE APPLICABLE INSURANCE POLICIES

13.     Fireman's Fund admits that First Specialty Insurance Company issued Nonprofit Organization Liability Insurance Policy No. NPA-000122-3 to CTIA for the policy period June 1, 2000 to June 1, 2001 and Nonprofit Organization Liability Insurance Policy No. NPA-000122-4 to CTIA for the policy period June 1, 2001 to June 1, 2002. To the extent that the allegations in this paragraph purport to characterize the terms and conditions of these policies or of the Complaint herein, Fireman's Fund states, as its answer to these allegations, that those documents speak for themselves. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

14. Fireman's Fund admits that, effective November 16, 2000, Fireman's Fund acquired First Specialty's rights and obligations under the 2000-2001 Policy and the 2001-2002 Policy and is the real party in interest with respect to these policies. No answer is required to the remaining allegations contained in this paragraph. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required by Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

15. The allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves.

16. The allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves.

17. The allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves.

18. The allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves.

19. The allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves.

20. Fireman's Fund admits that <u>Newman</u> and <u>Barrett</u> were filed against CTIA and reported to Fireman's Fund between June 1, 2000 and June 1, 2001. Fireman's Fund avers that it acknowledged receipt of a notice of potential claim pursuant to the 2000-2001 period with respect to the <u>Gilliam</u>, <u>Farina</u>, and <u>Pinney</u> lawsuits, and otherwise denies the allegations contained in this paragraph.

21. Fireman's Fund admits that <u>Murray</u>, <u>Keller</u>, <u>Agro</u>, <u>Schwamb</u>, <u>Schofield</u>, and <u>Cochran</u>, were filed against CTIA and reported to Fireman's Fund between June 1, 2001 and June 1, 2002, avers that CTIA was not named as a defendant in <u>Gimpelson</u> or <u>Pinney</u> until September 2002, and that <u>Dahlgren</u> was filed in May 2002, voluntarily dismissed, and then re-filed in September 2002, and otherwise denies the allegations contained in this paragraph.

22. The allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves.

23. Fireman's Fund admits, on information and belief, the allegations contained in this paragraph.

24. The allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves.

25. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

**FIREMAN'S FUND'S ALLEGED REFUSAL TO PAY FOR CTIA'S FULL DEFENSE OF THE UNDERLYING LITIGATION AND ALLEGED MISMANAGEMENT OF ITS DUTY TO DEFEND**

26.    Fireman's Fund avers that, pursuant to a reservation of rights as set forth more fully in written correspondence with CTIA, Fireman's Fund provided a defense to CTIA as described more fully in such correspondence in connection with the <u>Newman</u> and <u>Barrett</u> lawsuits, and that a law firm was selected in that regard, and otherwise denies the allegations in this paragraph. Fireman's Fund specifically denies the allegations in the second sentence of this paragraph.

27.    Fireman's Fund avers that, pursuant to a reservation of rights as set forth more fully in written correspondence with CTIA, Fireman's Fund provided a defense to CTIA as described more fully in such correspondence in connection with the <u>Brower</u>, <u>Murray</u>, <u>Agro</u>, <u>Cochran</u>, <u>Keller</u>, <u>Schofield</u>, <u>Schwamb</u>, <u>Farina</u>, <u>Gilliam</u>, <u>Pinney</u>, <u>Gimpelson</u>, and <u>Dahlgren</u> lawsuits, and that a law firm was selected in that regard, and otherwise denies the allegations in this paragraph. Fireman's Fund specifically denies the allegations in the second sentence of this paragraph.

**The Alleged Prior/Pending Litigation Exclusion**

28.    Fireman's Fund admits that there is no coverage under the Fireman's Fund Policies for the Underlying Lawsuits pursuant to the policies' Prior/Pending Litigation Exclusions. To the extent that any further answer to the allegations in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

29.    Fireman's Fund denies the allegations contained in this paragraph.

30.    The allegations in this paragraph purport to characterize the allegations contained in Fireman's Fund's Complaint for Declaratory and Other Relief, and

Fireman's Fund states as its answer to the allegations in this paragraph that the Complaint speaks for itself.

31. To the extent that the allegations in this paragraph purport to characterize the allegations contained in Fireman's Fund's Complaint for Declaratory and Other Relief, the complaints filed in the Underlying Lawsuits, and/or the complaints filed in <u>Wright v. Motorola, Inc.</u> or <u>Busse v. Motorola, Inc.</u>, Fireman's Fund states as its answer to the allegations contained in this paragraph that those documents speak for themselves. To the extent that any further response is required, Fireman's Fund denies the allegations in this paragraph.

32. Fireman's Fund admits, on information and belief, that the causes of action against CTIA asserted in <u>Wright</u> and <u>Busse</u> have been dismissed, and otherwise denies the allegations contained in this paragraph.

33. This paragraph contains a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

### Fireman's Fund's Alleged Failure to Manage the Litigation Properly

34. Fireman's Fund denies the allegations contained in this paragraph.

35. Fireman's Fund denies the allegations contained in this paragraph.

### COUNT ONE
### (Breach of Contract and Vexatious Refusal to Pay)

36. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 35 above as its answer to this paragraph as if fully set forth herein.

37. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

38. Fireman's Fund denies the allegations in this paragraph as stated. Fireman's Fund avers that it has advanced, and continues to advance, subject to a reservation of rights, certain attorneys' fees and costs incurred by or on behalf of CTIA in defense of the Underlying Lawsuits, as stated in the Complaint herein. Further, also as stated in the Complaint herein, Fireman's Fund has determined that it has no defense obligations with respect to the Underlying Lawsuits under the Fireman's Fund Policies. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

39. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

40. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## COUNT TWO
### (Bad Faith Breach of Contract)

41. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 40 above as its answer to this paragraph as if fully set forth herein.

42. Fireman's Fund denies the allegations contained in this paragraph.

43.     This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, the allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states as its answer to the allegations in this paragraph that the policies speak for themselves. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund necessarily denies the allegations contained in this paragraph as they are based on a false premise.

44.     Fireman's Fund denies the allegations contained in the first sentence of this paragraph. The remaining allegations purport to characterize the Complaint herein, which speaks for itself.

45.     This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

46.     Fireman's Fund denies the allegations contained in this paragraph.

47.     The allegations in this paragraph purport to state legal conclusions and seek to characterize the terms and conditions of the Fireman's Fund Policies, and, accordingly, no response is required. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

48.     Fireman's Fund admits that it has advanced, and continues to advance, subject to a reservation of rights, certain attorneys' fees and costs incurred by or on behalf of CTIA in defense of the Underlying Lawsuits. To the extent that any further

answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

49.  The allegations in this paragraph purport to characterize the allegations contained in Fireman's Fund's Complaint for Declaratory and other Relief filed in this matter, and Fireman's Fund states as its answer to these allegations that the Complaint speaks for itself. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

50.  The allegations in this paragraph purport to characterize the allegations contained in Fireman's Fund's Complaint for Declaratory and other Relief filed in this matter, and Fireman's Fund states as its answer to these allegations that the Complaint speaks for itself. Further answering, Fireman's Fund admits that no coverage exists under the Fireman's Fund Policies for the Underlying Lawsuits. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

51.  Fireman's Fund denies the allegations contained in this paragraph and avers that it properly seeks certain relief from CTIA and Hartford, as stated more fully in the Complaint herein.

52.  This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

53. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

54. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## COUNT THREE
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

55. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 54 above as its answer to this paragraph as if fully set forth herein.

56. Fireman's Fund denies the allegations contained in this paragraph as stated, but avers that, effective November 16, 2000, Fireman's Fund acquired First Specialty's rights and obligations under the 2000-2001 Policy and the 2001-2002 Policy and is the real party in interest with respect to those policies.

57. Fireman's Fund admits that, subject to a reservation of rights, it provided a defense to CTIA as described more fully in correspondence with CTIA in connection with the Underlying Lawsuits, and otherwise denies the allegations contained in this paragraph. Fireman's Fund specifically denies that it has any duty to defend CTIA in the Underlying Lawsuits under the terms of the Fireman's Fund Policies.

58. This paragraph purports to characterize the allegations contained in Fireman's Fund's Complaint for Declaratory and Other Relief filed in this matter, and Fireman's Fund states as its answer to this paragraph that the Complaint speaks for itself.

59. Fireman's Fund denies the allegations contained in this paragraph as stated and avers that it has advanced, and continues to advance, certain attorneys' fees and costs

incurred by or on behalf of CTIA in defense of the Underlying Lawsuits. Fireman's Fund admits that it has no defense obligations with respect to the Underlying Lawsuits under the Fireman's Fund Policies and has properly filed its Complaint herein to obtain just such a declaration. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

60. Fireman's Fund denies the allegations contained in this paragraph and avers that it properly seeks certain relief from CTIA and Hartford, as stated more fully in the Complaint herein.

61. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

62. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## COUNT FOUR

### (Breach of Duty)

63. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 62 above as its answer to this paragraph as if fully set forth herein.

64. The allegations in this paragraph purport to state propositions of law and to characterize the terms and conditions of the Fireman's Fund Policies. Accordingly, Fireman's Fund states as its answer to the allegations in this paragraph that no response is required and that the policies speak for themselves. To the extent that any further answer

to the allegations in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

65.  This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, the allegations in this paragraph purport to characterize the terms and conditions of the Fireman's Fund Policies, and Fireman's Fund states as its answer to the allegations in this paragraph that the policies speak for themselves. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund necessarily denies the allegations contained in this paragraph as they are based on a false premise.

66.  Fireman's Fund denies the allegations contained in this paragraph.

67.  To the extent that an answer is deemed required to any part of the allegations contained in this paragraph, Fireman's Fund denies the allegations contained in this paragraph.

68.  This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## COUNT FIVE
### (Reformation)

69.  Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 68 above as its answer to this paragraph as if fully set forth herein.

70.  Fireman's Fund denies the allegations contained in this paragraph.

71.  Fireman's Fund denies the allegations contained in this paragraph.

72.  Fireman's Fund denies the allegations contained in this paragraph.

73. Fireman's Fund denies the allegations contained in this paragraph.

74. Fireman's Fund admits that there is no coverage for the Underlying Lawsuits pursuant to the Fireman's Fund's Policies' Prior/Pending Litigation Exclusions. Fireman's Fund denies the remaining allegations contained in this paragraph.

75. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

76. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

77. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## COUNT SIX

### (Negligent Supervision)

78. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 77 above as its answer to this paragraph as if fully set forth herein.

79. Fireman's Fund denies the allegations contained in this paragraph.

80. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

81. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

82. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph as stated and avers that the Complaint herein sets forth the relief properly sought by Fireman's Fund.

83. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

84. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

**COUNT SEVEN**
**(Declaratory Relief)**

85. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 84 above as its answer to this paragraph as if fully set forth herein.

86. Fireman's Fund admits that, subject to a reservation of rights, it provided a defense to CTIA as described more fully in correspondence with CTIA in connection with the Underlying Lawsuits. Further answering, Fireman's Fund admits that it has no duty to defend CTIA in the Underlying Lawsuits under the terms of the Fireman's Fund Policies and properly seeks a declaration to that effect herein. To the extent that any further answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

87. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

No response is required to the allegations made in the Prayer for Relief. To the extent any response is required, Fireman's Fund denies that CTIA is entitled to any relief from Fireman's Fund.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

CTIA's counterclaim fails to state a claim on which relief can be granted.

### SECOND DEFENSE

CTIA's claims are barred by the doctrine of laches.

### THIRD DEFENSE

CTIA's claims are barred by the statute of limitations.

### FOURTH DEFENSE

CTIA's claims are barred by the doctrine of estoppel.

### FIFTH DEFENSE

CTIA's claims are barred by the doctrine of waiver.

### SIXTH DEFENSE

CTIA's claims may be barred, in whole or in part, by its failure to comply with terms of the Fireman's Fund Policies.

### SEVENTH DEFENSE

CTIA's claims are barred because the Underlying Lawsuits are covered by the Hartford GL Policies.

### EIGHTH DEFENSE

CTIA's claims are barred because the Fireman's Fund Policies are excess to the coverage provided by Hartford.

### NINTH DEFENSE

CITA's claims are barred by the Prior and/or Pending Litigation Exclusion contained in the Fireman's Fund Policies.

### TENTH DEFENSE

CTIA has failed to mitigate its damages, if any.

### ELEVENTH DEFENSE

Fireman's Fund reserves the right to supplement or amend its defenses as additional facts become known during investigation and discovery.


Dated: August 4, 2006                             Respectfully submitted,


                                                                 /s/ Jeremy S. Simon
Lewis K. Loss, D.C. Bar No. 375793
Jeremy S. Simon, D.C. Bar No. 447956
THOMPSON, LOSS & JUDGE LLP
1919 Pennsylvania Ave., N.W.
Suite M-200
Washington, D.C. 20006
(202) 772-5170 (phone)
(202) 772-5180 (fax)

Attorneys for Fireman's Fund Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of August, 2006, I caused to be served by first-class mail, postage pre-paid, a copy of the foregoing Answer to Counterclaim Filed by Defendant CTIA – The Wireless Association and Affirmative Defenses on:

>Sanford M. Saunders, Esq.
>Ross E. Eisenberg, Esq.
>Mark E. Miller, Esq.
>Greenberg Traurig, LLP
>800 Connecticut Avenue, N.W.
>Suite 500
>Washington, D.C. 20006
>
>*Attorneys for CTIA – The Wireless Association*
>
>Lee H. Ogburn
>John J. Kuchno
>Kramon & Graham, P.A.
>1 South Street
>Baltimore, MD 21202
>
>*Attorneys for Hartford Casualty Co.*
>*and Twin City Fire Insurance Co.*

/s/ Jeremy S. Simon
Jeremy S. Simon