IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>CELLULAR TELECOMMUNICATIONS AND INTERNET ASSOCIATION, THE HARTFORD CASUALTY INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY,<br><br>Defendants-Counterclaim Plaintiffs. | Case No.: 1:06-CV-00854-JDB |

**ANSWER TO COUNTERCLAIM FILED BY DEFENDANTS
HARTFORD CASUALTY INSURANCE COMPANY AND TWIN
CITY FIRE INSURANCE COMPANY AND AFFIRMATIVE DEFENSES**

Plaintiff-Counterclaim Defendant, Fireman's Fund Insurance Company ("Fireman's Fund"), by its attorneys, hereby files this Answer and affirmative defenses to the Counterclaim filed by Defendants-Counterclaim Plaintiffs Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively "Hartford").[1]

In response to the numbered paragraphs of the Counterclaim, Fireman's Fund responds as follows:

1. Fireman's Fund admits, on information and belief, the allegations of this paragraph.

2. Fireman's Fund admits the allegations contained in this paragraph.

---

[1] In this Answer, Defendant Cellular Telecommunications and Internet Association is referred to as "CTIA."

3. Fireman's Fund admits, on information and belief, that CTIA is a District of Columbia Corporation with its principal place of business in the District of Columbia.

4. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund.

5. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund.

6. This paragraph states a legal conclusion to which no answer is required from Fireman's Fund.

7. Fireman's Fund admits that there is an actual, ripe and live controversy between the parties, and otherwise denies the allegations contained in this paragraph which purport to characterize the allegations in the Complaint filed herein.

8. Fireman's Fund admits, on information and belief, that Hartford issued certain comprehensive general liability and umbrella liability insurance policies on an annual basis to CTIA but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Fireman's Fund admits that First Specialty Insurance Company issued to CTIA Nonprofit Organization Liability Insurance Policy No. NPA-000122-3 for the policy period June 1, 2000 to June 1, 2001 and Nonprofit Organization Liability Insurance Policy No. NPA-000122-4 for the policy period June 1, 2001 to June 1, 2002, and avers that Policy No. NPA-000122-2 was issued to CTIA for the policy period June 1, 1999 to June 1, 2000 and that Policy No. NPA-000122-1 was issued to CTIA for the policy period from June 1, 1998 to June 1, 1999. As to the terms and conditions of those policies, Fireman's Fund states that the policies speak for themselves. To the extent that

any further answer to the allegations contained in this paragraph is required from Fireman's Fund, they are denied.

10. The allegations in this paragraph purport to characterize the terms and conditions of various Hartford policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves, and otherwise denies the allegations in this paragraph.

11. The allegations in this paragraph purport to characterize the terms and conditions of various Fireman's Fund policies, and Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the policies speak for themselves, and otherwise denies the allegations in this paragraph.

12. The allegations in this paragraph purport to characterize the terms and conditions of various Hartford policies, and Fireman's Fund states, as its answer to the allegations in this paragraph, that the policies speak for themselves, and otherwise denies the allegations in this paragraph.

13. Fireman's Fund admits that CTIA has been named as a defendant in lawsuits asserting claims against entities associated with the cellular telephone industry. The remaining allegations in this paragraph purport to characterize the allegations contained in the complaints filed in those lawsuits, and Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the complaints in those lawsuits speak for themselves, and otherwise denies the allegations in this paragraph.

14. The allegations in this paragraph purport to characterize the allegations contained in the complaints filed in the lawsuits listed in this paragraph, and Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the

referenced complaints speak for themselves, and otherwise denies the allegations in this paragraph.

15. The allegations in this paragraph purport to characterize the allegations contained in the complaints filed in the lawsuits listed in this paragraph, and Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the referenced complaints speak for themselves, and otherwise denies the allegations in this paragraph.

16. The allegations in this paragraph purport to characterize the allegations contained in the complaint filed in the lawsuit listed in this paragraph, and Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the referenced complaint speaks for itself, and otherwise denies the allegations in this paragraph.

17. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and to the extent any further response is required, Fireman's Fund denies the allegations in this paragraph.

18. Fireman's Fund admits that, as stated in its Complaint herein, it has advanced, and continues to advance, subject to a reservation of rights, certain attorneys' fees and costs incurred by or on behalf of CTIA in defense of the following lawsuits filed against CTIA as referred to in CTIA's Counterclaim as the "Underlying Lawsuits" and in Fireman's Fund's Complaint as the "Wireless Telephone Litigation"[2]: (a) <u>Christopher Newman, et al. v. Motorola, Inc., et al.</u>, filed in or about August 2000, in the Circuit Court for Baltimore City, Maryland; (b) <u>Brian Lane Barrett, et al. v. Nokia, Inc., et al.</u>,

---

[2] The omission of the <u>Barrett</u> lawsuit from the term "Wireless Telephone Litigation" as used in the Complaint was inadvertent.

filed in or about January 2001 in the Superior Court of Fulton County, State of Georgia; (c) Gibb Brower, et al. v. Motorola, Inc., et al., filed in or about April 2001 in the Superior Court of the State of California, County of San Diego; (d) Michael Patrick Murray, et al. v. Motorola, Inc., et al., filed in or about November 2001 in the Superior Court of the District of Columbia; (e) David C. Keller, et al. v. Nokia, Inc., et al., filed in or about February 2002 in the Superior Court of the District of Columbia; (f) Baldassare S. Agro, et al. v. Motorola, Inc., et al., filed in or about February 2002 in the Superior Court of the District of Columbia; (g) Richard Schwamb, et al. v. Qualcomm, Inc., et al., filed in or about February 2002 in the Superior Court for the District of Columbia; (h) Dino Shofield v. Matsushita, Inc., et al., filed in or about February 2002 in the Superior Court of the District of Columbia; (i) Pamela Cochran, et al. v. Audiovox Corp., et al., filed in or about February 2002 in the Superior Court of the District of Columbia; (j) Sarah Dahlgren, et al. v. Audiovox Communications Corp., et al., filed in or about May 2002 in the United States District Court for the District of Maryland, and re-filed after voluntary dismissal in the Superior Court of the District of Columbia in or about September 2002; (k) J. Douglas Pinney, et al. v. Nokia, et al., filed in or about May 2001 in the Circuit Court for Baltimore City, Maryland, and subsequently amended in or about September 2002 to name CTIA as a defendant; (l) Francis Farina, et al. v. Nokia, et al., filed in or about April 2001 in the Court of Common Pleas, Philadelphia, Pennsylvania, and subsequently amended in or about September 2002 to name CTIA as a defendant; (m) Crystal Gilliam, et al. v. Nokia, et al, filed in or about April 2001 in the Supreme Court of New York, Bronx County, and subsequently amended in or about September 2002 to name CTIA as a defendant; and (n) Riedy Gimpelson, et al. v. Nokia, Inc., et al.,

filed in or about June 2001 in the Superior Court of Georgia, and subsequently amended in or about September 2002 to name CTIA as a defendant (collectively referred to in this answer as the "Underlying Lawsuits"). To the extent that any further answer is deemed required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph.

19.  Fireman's Fund avers that it has agreed to advance certain attorneys' fees and costs incurred by or on behalf of CTIA in defending against the allegations contained in the lawsuits referenced in the preceding paragraph, subject to a reservation of rights, and as set forth more fully in the Complaint herein which speaks for itself, and otherwise denies the allegations in this paragraph.

20.  Fireman's Fund avers that the allegations in the Complaint herein speak for themselves, and otherwise denies the allegations in this paragraph.

## COUNT I
### Declaratory Judgment
*Newman, Barrett, Brower, Murray, Keller, Agro, Schwamb, Schofield and Cochran*

21.  Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 20 above as its answer to this paragraph as if fully set forth herein.

22.  The allegations in this paragraph are not directed at Fireman's Fund and, therefore, no answer from it is required. To the extent that any answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund states that the referenced lawsuits speak for themselves and otherwise denies the allegations in this paragraph.

23.  The allegations in this paragraph are not directed at Fireman's Fund and, therefore, no answer from it is required. Further, this paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that any answer to

the allegations contained in this paragraph is deemed to be required from Fireman's Fund, they are denied.

24. The allegations in this paragraph are not directed at Fireman's Fund and, therefore, no answer from it is required. Further, this paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that any answer to the allegations contained in this paragraph is deemed to be required form Fireman's Fund, they are denied.

## COUNT II
### Declaratory Judgment
*Pinney, Gimpelson, Gilliam and Farina*

25. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 24 above as its answer to this paragraph as if fully set forth herein.

26. The allegations in this paragraph are not directed at Fireman's Fund and, therefore, no answer from it is required. Further, this paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, the allegations in this paragraph purport to characterize the terms and conditions of various Hartford policies, and Fireman's Fund states that the policies speak for themselves. To the extent that any further answer is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph. Fireman's Fund specifically denies any inference that may be taken from the allegations in this paragraph that Fireman's Fund owes any obligation to CTIA in connection with the lawsuits referenced in this paragraph.

27. The allegations in this paragraph are not directed at Fireman's Fund and, therefore, no answer from it is required. Further, this paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that any answer to

the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund states that the referenced lawsuits speak for themselves and otherwise denies the allegations in this paragraph.

28. The allegations in this paragraph are not directed at Fireman's Fund and, therefore, no answer from it is required. Further, this paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that any answer to the allegations contained in this paragraph is deemed to be required form Fireman's Fund, they are denied.

## COUNT III
### Recoupment

29. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 28 above as its answer to this paragraph as if fully set forth herein.

30. To the extent the allegations in this paragraph are directed at CTIA, no answer from Fireman's Fund is required. To the extent that the allegations contained in this paragraph are directed at Fireman's Fund, they are denied.

## COUNT IV
### Declaratory Judgment
### *Dahlgren*

31. Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 30 above as its answer to this paragraph as if fully set forth herein.

32. The allegations in this paragraph purport to characterize the allegations contained in the complaint filed in the lawsuit referenced in this paragraph, and Fireman's Fund states, as its answer to the allegations contained in this paragraph, that the complaint speaks for itself, and otherwise denies the allegations in this paragraph.

33.     This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, the allegations in this paragraph purport to characterize the terms and conditions of various Hartford policies, and Fireman's Fund states that the policies speak for themselves. To the extent that any further answer is deemed to be required from Fireman's Fund, Fireman's Fund denies the allegations contained in this paragraph. Fireman's Fund specifically denies any inference that may be taken from the allegations in this paragraph that Fireman's Fund owes any obligation to CTIA in connection with the lawsuit referenced in this paragraph.

34.     This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that any answer to the allegations contained in this paragraph is deemed to be required from Fireman's Fund, Fireman's Fund states that the referenced lawsuit speaks for itself and otherwise denies the allegations in this paragraph.

35.     This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## COUNT V
### Declaratory Judgment,
### In the Alternative
### Fireman's Fund

36.     Fireman's Fund adopts and incorporates its answers to paragraphs 1 through 35 above as its answer to this paragraph as if fully set forth herein.

37.     This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, the allegations in this paragraph purport to characterize the terms and conditions of various Fireman's Fund

and Hartford policies, and Fireman's' Fund states, as its answer to the allegations contained in this paragraph, that the policies speak for themselves, and otherwise denies the allegations in this paragraph.

38.     This paragraph states a legal conclusion to which no answer is required from Fireman's Fund. To the extent that an answer is deemed required, Fireman's Fund denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

No response is required to the allegations asserted in the Prayer for Relief. To the extent any response is required, Fireman's Fund denies that Hartford is entitled to any relief from Fireman's Fund.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Hartford's counterclaim fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Hartford's claims are barred by the statute of limitations.

### THIRD DEFENSE

Hartford's claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE

Hartford's claims are barred by the doctrine of waiver.

### FIFTH DEFENSE

Hartford's claims are barred by the doctrine of laches.

### SIXTH DEFENSE

Hartford's claims are barred because the Underlying Lawsuits are covered by the Hartford GL Policies.

### SEVENTH DEFENSE

Hartford's claims are barred because the Fireman's Fund policies are excess to the coverage provided by Hartford.

### EIGHTH DEFENSE

Hartford's claims are barred by the Prior and/or Pending Litigation Exclusion contained in the Fireman's Fund Policies.

### NINTH DEFENSE

Hartford has failed to mitigate its damages, if any.

### TENTH DEFENSE

Fireman's Fund reserves the right to supplement or amend its defenses as additional facts become known during investigation and discovery.


Dated: August 4, 2006                    Respectfully submitted,


                                         /s/ Jeremy S. Simon
                                         Lewis K. Loss, D.C. Bar No. 375793
                                         Jeremy S. Simon, D.C. Bar No. 447956
                                         THOMPSON, LOSS & JUDGE LLP
                                         1919 Pennsylvania Ave., N.W.
                                         Suite M-200
                                         Washington, D.C. 20006
                                         (202) 772-5170 (phone)
                                         (202) 772-5180 (fax)

                                         Attorneys for Fireman's Fund Insurance
                                         Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 4th day of August, 2006, I caused to be served by first-class mail, postage pre-paid, a copy of the foregoing Answer to Counterclaim Filed by Defendants Hartford Casualty Insurance Company and Twin City Fire Insurance Company and Affirmative Defenses on:

> Sanford M. Saunders, Esq.
> Ross E. Eisenberg, Esq.
> Mark E. Miller, Esq.
> Greenberg Traurig, LLP
> 800 Connecticut Avenue, N.W.
> Suite 500
> Washington, D.C. 20006
>
> *Attorneys for CTIA – The Wireless Association*
>
> Lee H. Ogburn
> John J. Kuchno
> Kramon & Graham, P.A.
> 1 South Street
> Baltimore, MD 21202
>
> *Attorneys for Hartford Casualty Co.*
> *and Twin City Fire Insurance Co.*

/s/ Jeremy S. Simon
Jeremy S. Simon