IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FIREMAN'S FUND INSURANCE    *
COMPANY,
                            *
            Plaintiff,
                            *   Case No.: 1:06-CV-00854-JDB
v.
                            *
CELLULAR TELECOMMUNICATIONS
AND INTERNET ASSOCIATION, *et al.*   *

            Defendants      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

HARTFORD'S REPLY TO CTIA'S OPPOSITION TO
HARTFORD'S MOTION TO DISMISS

Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford"), Cross-Defendants, by their attorneys, submit this memorandum in reply to Cross-Plaintiff CTIA's Memorandum of Law in Opposition to Cross-Defendant Hartford's Motion to Dismiss ("Opposition Memorandum").

INTRODUCTION

Count III of CTIA's cross-claim, the "bad faith" count, should be dismissed because the cause of action it purports to assert has been repeatedly rejected by this Court. In the face of the clear weight of District of Columbia authority rejecting a tort cause of action for insurance "bad faith," CTIA attempts to salvage Count III by characterizing it as a claim for breach of contract. According to CTIA, Count III alleges a breach of contract that merges with, and assumes the character of, a willful tort. Opposition Memorandum, p. 2. CTIA argues that District of Columbia law supports an

award of punitive damages for such a breach. Opposition Memorandum, pp. 6-8. CTIA's argument fails, however, because Count III alleges no willful tort to support such a claim. Count III alleges only that Hartford shared CTIA's defense costs with another insurer when, according to CTIA, Hartford should have paid 100% of those costs. CTIA Cross-Claim at paragraph 51. This claim is nothing more than an attempted assertion of "bad faith" that has been routinely dismissed by this Court. Because the allegations of Count III fail to state a claim recognized by this Court, Count III should be dismissed.

ARGUMENT

I.  CTIA Has Failed to Plead a Contract Claim Entitling it to Punitive Damages

District of Columbia law defeats CTIA's effort to re-cast Count III into a breach of contract claim that would be sufficient to support an award of punitive damages. Under the law of the District, "[w]here the basis of a complaint is . . . a breach of contract, punitive damages will not lie, even if it is proved that the breach was willful, wanton, or malicious." *Sere v. Group Hospitalization, Inc.*, 443 A.2d 33, 37 (D.C.), *cert. denied*, 459 U.S. 912 (1982). Rather, punitive damages are available in contract actions under District of Columbia law only where the breach of contract "assumes the character of a willful tort." *Id.* In *Sere*, for example, the plaintiff alleged that the breach of contract "'merge(d) with, and assume(d) the character of, the tort of intentional infliction of emotional distress." *Id.*

Here, CTIA cannot and does not allege facts that would amount to a willful tort. Count III alleges only that Hartford has not paid defense costs at the level CTIA believes it should have. By alleging in paragraph 48 of its cross-claim that Hartford "recklessly

abused its position as CTIA's insurer," CTIA does not turn this simple breach of contract claim into a willful tort entitling CTIA to punitive damages.

Under District of Columbia law, punitive damages are not recoverable in a breach of contract action even if the breach was "reckless" or in bad faith. *Federal Fire Protection Corp. v. J.A. Jones/Tompkins Builders, Inc.*, 267 F.Supp.2d 87, 91 (D.D.C. 2003). Even allegations that the defendant "willfully, wantonly and maliciously" breached his contract are insufficient "to merge with and assume the character of a willful tort." *Den v. Den*, 222 A.2d 647, 648 (D.C. 1966). Similarly, allegations of a malicious state of mind or ill motive do not elevate a breach of contract to a willful tort. *Srour v. Barnes*, 670 F.Supp. 18 (D.D.C. 1987).

"The breach of contract. . .cannot assume the character of a willful tort, if the tort it is merging with is not recognized." *Brand v. Government Employees Ins. Co.*, 2005 WL 3201322, at *5 (D.D.C. 2005). This Court in *Brand* recently dismissed a bad faith insurance claim for failure to state a claim upon which relief can be granted because plaintiff "ha[d] not pled that the breach of contract merged with any tort other than the bad faith insurance claim." *Id.* Likewise, CTIA has pled no recognized willful tort. It has alleged nothing more than a "bad faith" claim which, as set forth below, fails under the law of the District of Columbia.

II. District of Columbia Law Recognizes No Tort of "Bad Faith."

CTIA tries in vain to distinguish away the considerable body of case law holding that the District of Columbia does not recognize the tort of insurance bad faith. First, CTIA argues that *Washington v. Government Employees Ins. Co.*, 769 F.Supp. 383

(D.D.C.1991) ("*GEICO*") has "no bearing on CTIA's claim for 'bad faith breach of contract' [b]ecause the plaintiff in GEICO was a 'stranger' to the insurance policy . . .." According to CTIA, *GEICO*, in which this Court held at page 387 that "District of Columbia law does not recognize the tort of bad faith denial of an insurance claim," applies only to claims by "strangers" to the insurance contract, not to a claim by a policyholder such as CTIA. Opposition Memorandum, p. 12.

This Court has repeatedly rejected the distinction on which CTIA relies. For example, in *American Registry of Pathology v. Ohio Casualty Insurance Co*, 401 F.Supp.2d 75 (D.D.C.2005), the policyholder, American Registry, alleged that its insurer had wrongly refused to defend it, just as CTIA alleges here. In addition to a claim for breach of contract, American Registry asserted a claim for bad faith, just as CTIA does here. This Court dismissed American Registry's bad faith claim, stating that

> [t]he Court is persuaded by the sound reasoning of Judge Thomas Flannery in *Washington v. GEICO* and declines to adopt or follow the holding in *Washington v. Group Hospitalization* that the bad faith refusal of an insurer to pay is a recognized tort in the District of Columbia. *See American Nat'l Red Cross v. Travelers Indemnity Co. of Rhode Island*, 896 F.Supp. 8, 10 n.4 (D.D.C.1995) ("This Court is of the view that Judge Flannery's holding in *GEICO*, that such a tort does not exist under District of Columbia law, is the better approach.")

Neither the court in *American Registry* nor the court in *American Nat'l Red Cross v. Travelers Indemnity Co.*, both of which involved claims by policyholders, found the distinction urged by CTIA here to be persuasive. This Court should likewise reject it.

Second, CTIA attempts to distinguish *Brand v. Government Employees Ins. Co.*, WL 3201322 (D.D.C.2005) on the ground that its rejection of the tort of bad faith is

limited to uninsured motorists claims. But the holding in *Brand* ("this court finds that the District of Columbia does not currently recognize a claim for the bad faith denial of insurance") rests on the court's approval of *American National Red Cross, supra,* a non-uninsured motorist case, and its rejection of *Washington v. Group Hospitalization*, the *only* case holding that the District of Columbia recognizes the tort of bad faith. *Brand* noted that the *GEICO* decision determined that *Washington v. Group Hospitalization*, the case on which CTIA principally relies, was wrongly decided.

> In *GEICO* [holding that no tort of bad faith exists under the law of the District of Columbia], Judge Flannery found that the contrary holding in *Washington v. Group Hospitalization* (that such a tort is recognized) was based on a mis-reading of the holding of *Cont'l Ins. Co. v. Lynham*, 293 A.2d 481 (D.C.1972). *GEICO*, 769 F.Supp. at 386. Judge Flannery determined that the issue presented in *Lynham* was not the recognition of a tort of bad faith refusal to pay (and therefore the Court did not decide that issue) but rather was "whether the award of attorneys' fees was justified."

*Brand, supra,* slip op. at 3. Plainly, this Court's recent holding in *Brand* that no bad faith claim exists under District of Columbia law is not limited to uninsured motorists cases.

Third, CTIA makes the same mistake here that Judge Flannery in *GEICO* identified as having been made by the court in *Washington v. Group Hospitalization.* Specifically, it asserts that *Lynham* stands for the proposition that the District of Columbia recognizes the tort of bad faith. The fallacy of that argument was exposed by this Court in *Brand* and *GEICO* – *Lynham* simply does not address whether the tort exists. Thus, the two pillars of CTIA's argument, *Lynham* and *Washington v. Group*

*Hospitalization,* have already been rejected by this Court as being either inapposite or unpersuasive.

Fourth, CTIA contends that an insurer is subject to a bad faith claim under District of Columbia law if it initially undertakes the defense of its insured and then withdraws, even if no such cause of action exists against an insurer that refuses to defend altogether. CTIA cites no authority for the notion that an insurer that pays 50% of its policyholder's defense should be penalized compared to an insurer that pays none, and no authority exists for this illogical distinction.

Finally, CTIA misreads Maryland law. In *Mesmer v. Maryland Automobile Insurance Fund*, 353 Md. 241, 725 A.2d 1053 (1999), the Maryland Court of Appeals concluded that breach of an insurer's duty to defend a third-party claim gives rise only to a breach of contract action, not a tort action. The *only* bad faith tort action recognized by Maryland law is "based on a bad faith failure to settle a liability claim within policy limits." *Id.* at 262, 725 A.2d at 1063. As *Mesmer* explains, the tort is available only when an insurer has control of settlement and then acts in its own interests by unreasonably failing to settle the case within the policy limits. *Id.* at 262-63, 725 A.2d at 1063. CTIA does not and could not allege any such facts here.

## CONCLUSION

Count III of CTIA's Cross-Claim alleges only that Hartford shared CTIA's defense costs with another insurer rather than paying 100%, and that doing so was "bad faith." CTIA cannot establish the tort of bad faith because the tort does not exist under the law of the District of Columbia. *See American Registry of Pathology v. Ohio Cas. Ins. Co.*,

401 F.Supp. 2d 75 (D.D.C. 2005); *American Nat. Red Cross v. Travelers Indem. Co.*, 896 F.Supp. 8, 11 n.4 (D.D.C. 1995); *Washington v. Government Employees Ins. Co.*, 769 F.Supp. 383 (D.D.C. 1991); *Brand v. Government Employees Ins. Co.*, 2005 WL 3201322 (D.D.C. 2005).

CTIA's effort to cast Count III as alleging a breach of contract that merges into a willful tort fails because the count alleges no willful tort, nor could it. The count alleges only that Hartford should have paid a greater share of CTIA's defense costs. That is a claim for breach of contract, nothing more.

For the reasons stated herein, as well those set forth in Hartford's Memorandum of Law in Support of Motion to Dismiss, Count III of CTIA's Cross-Claim should be dismissed because it fails to state a claim upon which relief can be granted.

Dated: August 15, 2006                    Respectfully submitted,

                                                               */s/ Lee H. Ogburn*
                                           Lee H. Ogburn
                                           Bar Identification: MD00118
                                           John J. Kuchno
                                           Bar Identification: MD04211
                                           KRAMON & GRAHAM, P.A.
                                           One South Street, Suite 2600
                                           Baltimore, Maryland 21202
                                           Phone: 410-752-6030
                                           Fax: 410-539-1269

                                           *Attorneys for Cross-Defendants Hartford Casualty Insurance Co. and Twin City Fire Insurance Co.*