IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | Case No.: 1:06CV00854 |
| v. | * | |
| CELLULAR TELECOMMUNICATIONS AND INTERNET ASSOCIATION, *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

## HARTFORD'S INITIAL DISCLOSURES

Hartford Casualty Insurance Company and Twin City Fire Insurance Company (collectively, "Hartford"), Defendants, Cross-Defendants, Cross-Plaintiffs and Counter-Plaintiffs, by counsel, provide these initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the Scheduling Order entered in this action.

**(A) The name and, if known, address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

At this early stage of the litigation, Hartford is unable to identify all individuals likely to have discoverable information that it may use to support its claims or defenses. Hartford reserves the right to supplement this disclosure as appropriate. At this time, Hartford identifies the following individual:

Tracey Clegg, The Hartford, Hartford Plaza, Hartford, Connecticut 06115, (860)547-5000; Hartford's coverage determinations, handling of the underlying claims at issue in this action, billings and payments in connection with the underlying claims.

**(B)    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Hartford produces the documents attached hereto, is continuing its search for responsive documents and reserves the right to supplement this disclosure as appropriate, in accordance with an appropriate Protective Order to be entered in this action.

**(C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Hartford does not seek monetary damages as to the claims for which it requests a judicial declaration pursuant to 28 U.S.C. § 2201.

Hartford seeks recoupment of defense costs it advanced on behalf of CTIA-The Wireless Association, formerly the Cellular Telecommunications & Internet Association ("CTIA") in the *Pinney, Gimpelson, Gilliam* and *Farina* cases. Copies of legal billings to Hartford and records of payments made by Hartford are being produced herewith, subject to an appropriate Protective Order to be entered in this action. While Hartford is not able at this time to calculate a precise amount it requests for reimbursement, the following invoices reflect various individual items of legal services and disbursements not properly billed to Hartford, for which Hartford seeks recoupment:

| Vendor | Invoice No. | Date of Invoice | Total Amount of Monthly Invoice |
|---|---|---|---|
| Kane, Laduzinsky & Mendoza, Ltd. | 11125 | 12/23/02 | $3,521.91 |
| Irwin, Green & Dexter | 10433 | 06/01/05 | $17,039.75 |
| Irwin, Green & Dexter | 10497 | 07/01/05 | $9,078.54 |
| Irwin, Green & Dexter | 10602 | 09/01/05 | $8,780.68 |
| Irwin, Green & Dexter | 10695 | 10/03/05 | $4,125.59 |
| Irwin, Green & Dexter | 10749 | 11/01/05 | $9,811.51 |
| Irwin, Green & Dexter | 10794 | 12/01/05 | $14,137.21 |

Hartford is continuing to search for responsive documents and reserves the right to supplement this disclosure as appropriate.

Additionally, should the Court determine that Hartford has a defense obligation as to any underlying cellular telephone litigation case, Hartford would seek a judgment for reimbursement from Fireman's Fund Insurance Company to adjust Hartford's past payments to its appropriate shares of the defense costs as determined by the Court. As previously stated, Hartford is producing copies of legal bills which it received and records of payments made by Hartford, subject to an appropriate Protective Order to be entered by the Court. The amounts of damages which Hartford would seek would be drawn from figures reflected in these documents. However, such damages cannot be determined unless and until the Court issues a judicial declaration as to the appropriate shares of the defense to be paid by Hartford.

(D)   **For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Hartford is in the process of compiling policies issued to CTIA and will produce copies

of those policies when that process is complete.

                                   /s/ _____
Lee H. Ogburn
Bar Identification: MD00118
John J. Kuchno
Bar Identification: MD04211
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
Telephone: 410-752-6030
Facsimile: 410-539-1269
*Attorneys for Hartford Casualty Insurance Co.
and Twin City Fire Insurance Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October, 2006, a copy of Hartford's Initial Disclosures was hand-delivered to:

>Sanford M. Saunders, Esquire
>Mark E. Miller, Esquire
>Ross E. Eisenberg, Esquire
>Greenberg Traurig, LLP
>800 Connecticut Avenue, N.W.
>Suite 500
>Washington, D.C. 20006

and

>Lewis K. Loss, Esquire
>Jeremy S. Simon, Esquire
>Thompson, Loss & Judge, LLP
>Two Lafayette Centre
>1133 21st Street NW, Suite 450
>Washington, D.C. 20036

_____
John J. Kuchno